## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNNE THOMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-648 |
| | ) | Judge Arthur J. Schwab/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| RANDALL B. TODD; MAGISTRATE | ) | |
| RICHARD OLAZ; KENNETH DAVIS, | ) | |
| Chief of Police West Mifflin Police Dept., | ) | |
| JERMEY [sic] STEWART *Supervisor*; | ) | |
| LEGACY JEWELRY STORE; | ) | |
| ATTORNEY AT LAW KENNETH | ) | |
| FRYNCKO; ATTORNEY AT LAW | ) | Re: ECF No. 5 |
| HILLARY TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In

Forma Pauperis ("the IFP Motion"), ECF No. 5, be denied.

### II. REPORT

Lynne Thompson,[1] ("Plaintiff") has filed an IFP Motion in order to prosecute this Civil

Rights action. ECF No. 5. Plaintiff is a prisoner who previously filed several lawsuits, which

were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a

---

[1] The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(site last visited 8/19/2015). See also Lynne Lamar Thompson v. Plum Boro Administration, No. 07-CV-26 (W.D. Pa. ECF No. 2 (Report recommending denial of IFP status to "Lynne Lamar Thompson" and relying on cases filed by "Lynne Lamar").

consequence of her prior litigation, she has acquired "three strikes," in contravention of 28

U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87

F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059,

1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)

("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of

the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located

in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for

the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is

entitled to take judicial notice of public records). A review of the electronic dockets of these

courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of

28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3]

Plaintiff's three strikes are as follows: 1) Lamar v. Onyundo, No. 95-CV-568 (W.D. Pa., ECF

No. 4 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g)
is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations
of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary
program." 28 U.S.C. § 1915(h).

(Memorandum Order adopting Report & Recommendation)); 2) <u>Lamar v. McDaniels</u> No. 95-CV-640 (W.D. Pa., ECF No. 8 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting Report & Recommendation));  and 3) <u>Lamar v. Commonwealth of Pennsylvania and Judge McDaniel</u>, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (Report & Recommendation recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting Report & Recommendation)). In fact, Plaintiff has more than three strikes.  <u>See</u> <u>also</u>  <u>Lamar v. Packard</u>, No. 01-CV-1333 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); <u>Lamar v. Attorney-at-law Robert Marcus</u>, No. 02-CV-225 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her.  <u>See</u>, <u>e.g.</u>,  <u>Thompson v. Plum Boro Admin.</u>, No. 07-2278 (3d Cir.). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP.  Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's proposed Complaint fails to allege any imminent danger of serious physical injury.  Her proposed Complaint alleges that the date of the event giving rise to this lawsuit was "September 11, 2014; August 25, 201[ ], ECF No. 1 at 5, ¶ IV.A,[4] and that the place of the events was the Probation Office and at Magistrate Richard Olaz's office.   <u>Id.</u> ¶ IV. B.  We note that Plaintiff did not sign her proposed Complaint until May 15, 2015, many months after the

_____

[4]  The last digit of the year is not legible on the proposed Complaint at ¶ IV.A.  However, it appears that the date was August 25, 2014 because in the body of the proposed Complaint, Plaintiff complains that she was "[a]rrested on a charge of retail theft by parole officer on August 25, 2014." <u>Id</u>. ¶ IV. B.

alleged events giving rise to the Complaint. Plaintiff primarily complains of the fact that she was falsely arrested and is the victim of a conspiracy to maintain her in Allegheny County Jail.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent or how any of the defendants are the cause of any potential such danger.

Because Plaintiff herein has failed to allege anything that would permit her to proceed IFP, the IFP Motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date:  September 9, 2015               /s/Maureen P. Kelly
                                       MAUREEN P. KELLY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     The Honorable Arthur J. Schwab
        United States District Judge

        LYNNE THOMPSON
        OT 0636
        SCI Cambridge Springs
        451 Fullerton Avenue
        Cambridge Springs, PA 16403-1238